■ MELVIN BLUM, Appellant, v RUDOLPH ROSENBERG, Respondent. [990 NYS2d 844]—

In an action, inter alia, to dissolve a partnership, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 15, 2013, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) is denied.

In June 2010, the plaintiff commenced an arbitration proceeding against the defendant seeking the dissolution of Accurate Chemical & Scientific Corp. (hereinafter Accurate), a company jointly owned by the parties and a third shareholder. In the arbitration, the defendant asserted claims against certain businesses owned by the plaintiff, and the plaintiff asserted claims against certain other businesses owned by the defendant. These claims were largely based on a "Tripartite Agreement," wherein the plaintiff, the defendant, and a nonparty agreed to share their various business enterprises.

To resolve the disputes between the parties and to narrow the issues for arbitration, the parties entered into a so-ordered stipulation dated September 21, 2010. In the stipulation, the parties agreed that the Tripartite Agreement was "void for all purposes, in this and any other proceeding." The parties also agreed to "waive any claims, counterclaims, or actions either party may have, or may have had, regarding any business or other entity owned by the other," except as necessary to determine (1) the number of Accurate shares held by the defendant, and (2) the fair value of the plaintiff's Accurate shares.

After the arbitration proceeding had concluded, and the defendant had "bought out" the plaintiff's interest in Accurate, the plaintiff commenced this action, inter alia, to dissolve an alleged partnership between the parties, in which they purchased certain Rolls Royces in 1965 for investment purposes (hereinafter the alleged automobile partnership). The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a), and the Supreme Court granted the motion. The plaintiff appeals.

The waiver provision of the parties' stipulation is ambiguous regarding whether the parties intended to waive any claims relating to the subject Rolls Royces and the alleged automobile partnership, which they allegedly jointly owned. Since the waiver does not utterly refute the factual allegations of the complaint and conclusively establish a defense to the claims asserted as a matter of law, dismissal of the complaint was inap-

propriate pursuant to CPLR 3211 (a) (1) (*see Kappa Dev. Corp. v Queens Coll. Point Holdings, LLC*, 95 AD3d 1178, 1179 [2012]).

The defendant's remaining contentions are without merit. Rivera, J.P., Hall, Sgroi and Maltese, JJ., concur.