Route 202 Rest., LLC v Old Crompond Rd., LLC (2018 NY Slip Op 08166)





Route 202 Rest., LLC v Old Crompond Rd., LLC


2018 NY Slip Op 08166


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-10998
 (Index No. 56743/17)

[*1]Route 202 Restaurant, LLC, respondent,
v
Old Crompond Road, LLC, appellant.


Welby, Brady & Greenblatt, LLP, White Plains, NY (Alan D. Singer of counsel), for appellant.
Samuel B. Mayer, Pleasantville, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated September 8, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a tenant pursuant to a commercial lease, commenced this action against the defendant, the owner of the subject premises, alleging that the defendant breached its obligation pursuant to paragraph 10.3 of the lease to provide a heat, ventilation, and air conditioning (hereinafter HVAC) unit in the subject premises. The defendant moved pursuant to CPLR 3211(a)(1) to dismiss the complaint, relying upon other provisions of the lease to argue that the lease did not require it to provide an HVAC unit. The Supreme Court denied the motion, and the defendant appeals.
A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted "only where the documentary evidence utterly refutes [the] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, the contract was ambiguous as to whether the defendant was required to provide an HVAC unit, and thus, did not utterly refute the factual allegations of the complaint and conclusively establish a defense to the complaint as a matter of law (see Blum v Rosenberg, 120 AD3d 529, 530).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion pursuant to CPLR 3211(a)(1) to dismiss the complaint.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court