■ GLOBAL PRECAST, INC., Appellant, v STONEWALL CONTRACTING CORP. et al., Respondents. [911 NYS2d 292]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about July 2, 2009, which, in this action seeking damages for, in part, breach of contract, inter alia, granted the motion by defendant Stonewall Contracting Corp. for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of denying the motion, and otherwise affirmed, without costs.

As a general rule, a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress (*see Littman v Magee*, 54 AD3d 14, 17 [2008]; *Global Mins. & Metals Corp. v Holme*, 35 AD3d 93, 98 [2006], *lv denied* 8 NY3d 804 [2007]). However, the record herein reveals that following the execution of the purported release documents, defendant, by its conduct, may have implicitly acknowledged plaintiff's right to obtain additional payment (*see Penava Mech. Corp. v Afgo Mech. Servs., Inc.*, 71 AD3d 493, 495 [2010]; *E-J Elec. Installation Co. v Brooklyn Historical Socy.*, 43 AD3d 642, 643-644 [2007]). Under these circumstances, there are triable questions of fact as to whether the partial lien waiver and the change order to which plaintiff agreed, were intended to encompass the claims that plaintiff subsequently presented to defendant for work performed by one of its subcontractors, Tri-State Stone Erectors. Indeed, where a waiver form purports to acknowledge that no further payments are owed, but the parties' conduct indicates otherwise, the instrument will not be construed as a release (*see E-J Elec. Installation Co.* at 644).

Defendant argues, however, that its obligation was, at most, simply to pass the subject claims along to the Dormitory Author-

ity of the State of New York (DASNY), the project owner, which agency allegedly caused the delays that occurred herein, and that it was not, without a contractual commitment to the contrary, responsible for delays incurred by its subcontractor unless those delays were caused by some agency or circumstance under its direction or control (*see Triangle Sheet Metal Works v Merritt & Co.*, 79 NY2d 801, 802 [1991]). Nevertheless, the reason why the invoices submitted by plaintiff on behalf of Tri-State were not paid cannot be said, as a matter of law, to have been the result solely of DASNY's conduct and/or its refusal to pay them. There are, consequently, triable questions of fact as to whether the delays attributable to DASNY were a substantial contributing cause of the delay and whether it was this agency that declined payment of the subject claims. Concur—Gonzalez, P.J., Saxe, Nardelli, Richter and Román, JJ.