■ ORANGETOWN HOME IMPROVEMENTS, LLC, Respondent, v JOHN J. KIERNAN, JR., et al., Appellants. [923 NYS2d 161]—

In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants appeal from an order of the Supreme Court, Rockland County (Walsh II, J.), dated August 9, 2010, which denied their motion, among other things, pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint and vacate the mechanic's lien, and for summary judgment on their first counterclaim.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action, inter alia, to foreclose a mechanic's lien and recover the unpaid sum of $6,885.50 from the defendants for the work it performed on the defendants' property. The defendants moved, among other things, pursuant to CPLR 3211 (a) (1) and (5) to dismiss the complaint and vacate the mechanic's lien, and for summary judgment on their first counterclaim to recover damages pursuant to Lien Law § 39-a. The Supreme Court denied the motion. We affirm.

To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence must "utterly refute[ ] plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Springer v Almontaser*, 75 AD3d 539, 540 [2010] [internal quotation marks omitted]). The defendants argued that the documentary evidence they submitted, titled "Waiver of Lien," released them from the plaintiff's claims and barred the mechanic's lien pursuant to CPLR 3211 (a) (5). This document recites that in consideration of the sum of $38,637.30, the plaintiff "waives, releases, and discharges any and all liens, claims, or rights of liens for and on account of work performed and labor, equipment, and materials supplied at or in connection with the work upon" the defendants' property.

Generally, "a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress" (*Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432, 432 [2010]). However, when the evidence in the record including, inter alia, the circumstances surrounding the release, as well as the parties' course of dealings, evinces that the parties' intentions were not reflected in the general terms of the

release, the release does not conclusively establish a defense as a matter of law (*see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 578 [2009]; *E-J Elec. Installation Co. v Brooklyn Historical Socy.*, 43 AD3d 642, 643-644 [2007]; *West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 251-252 [2001]). Here, the factual allegations in the plaintiff's pleadings, affidavit, and accompanying exhibits, as to the parties' course of dealings, the circumstances leading up to the execution of the release, and the defendants' conduct following the execution of the release when they made payments and implicitly acknowledged their debt, establish that the defendants are not entitled to dismissal as a matter of law. As these factual allegations show that the parties intended the waiver of lien to operate as a partial release for monies referenced therein, the waiver of lien did not resolve all factual issues as a matter of law, and the defendants were therefore not entitled to dismissal of the complaint (*see Galvan v 9519 Third Ave. Rest. Corp.*, 74 AD3d 743, 744 [2010]).

The defendants' remaining contentions are without merit. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.