KAPPA DEVELOPMENT CORP., Appellant, v QUEENS COLLEGE POINT HOLDINGS, LLC, Respondent, et al., Defendants. [945 NYS2d 339]—

In an action to foreclose mechanic's liens, the plaintiff appeals from an order of the Supreme Court, Queens County (Hart, J.), entered October 1, 2010, which granted that branch of the motion of the defendant Queens College Point Holdings, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Queens College Point Holdings, LLC, which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against it is denied.

The plaintiff, a construction contractor, entered into a construction contract with the defendant Queens College Point Holdings, LLC (hereinafter College Point). On October 2, 2007, the plaintiff executed a document entitled Affidavit of Waiver of Lien and Claims (hereinafter the waiver), which provided, in pertinent part, that the plaintiff "does hereby forever waive and relinquish (1) all claims and rights in lien which the Contractor may now have upon the Building and the Premises described above, and (2) all claims and rights of lien for any and all damages and expenses which have been incurred prior to this request." Thereafter, the relationship between the plaintiff and College Point apparently terminated, and the plaintiff thereafter filed various notices of mechanic's lien with respect to the subject property and College Point, reciting that "the time when the last item of work was performed was 10/24/2007," and that "the time when the last item of material was furnished was 10/24/2007." The plaintiff subsequently commenced this action against College Point, among others, to foreclose its mechanic's liens. College Point moved to dismiss the complaint insofar as asserted against it based upon, inter alia, CPLR 3211 (a) (1), arguing that the waiver barred the plaintiff's action. The Supreme Court granted that branch of the motion on that basis. The plaintiff appeals, and we reverse.

In support of its motion, College Point submitted the waiver,

the underlying construction contract between the parties, and an affidavit of its managing partner. A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) will be granted only if the documentary evidence submitted by the defendant utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (*see Bodden v Kean*, 86 AD3d 524, 526 [2011]; *Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d 902, 903 [2011]). An affidavit does not constitute documentary evidence for purposes of CPLR 3211 (a) (1) (*see HSBC Bank, USA v Pugkhem*, 88 AD3d 649, 651 [2011]; *Fontanetta v John Doe 1*, 73 AD3d 78, 85 [2010]). Moreover, the documentary evidence submitted by College Point did not satisfy the standard described above, since the waiver is ambiguous as to whether it encompassed all of the items that are the subject of the liens, and the construction contract is silent on the question of the extent of the waiver. Thus, that branch of its motion should have been denied (*see Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432 [2010]; *Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 578 [2009]).

College Point's contention concerning that branch of its motion which sought to dismiss the complaint on the ground that the plaintiff failed to comply with a condition precedent is not properly before this Court. That branch of the motion was not addressed by the Supreme Court and, thus, remains pending and undecided (*see Young Chool Yoo v Rui Dong Wang*, 88 AD3d 991, 992 [2011]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.