■ PATTI CONSTRUCTION CORP. et al., Respondents, v 111-16 ATLANTIC AVENUE REALTY CORP. et al., Appellants. [989 NYS2d 337]—

In an action, inter alia, to recover damages for breach of contract and to foreclose mechanic's liens, the defendants ap-

peal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated October 22, 2012, which denied their motion for summary judgment dismissing the complaint and on their counterclaims, among other things, for a judgment declaring that the mechanic's liens against their property are null and void.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for breach of contract and to foreclose mechanic's liens against the defendants' property. The defendants moved for summary judgment dismissing the complaint and on their counterclaims, inter alia, for a judgment declaring that the mechanic's liens are null and void. The defendants contended that they should be awarded judgment as a matter of law, and that the mechanic's liens should be declared null and void in light of a general release and a document entitled "Indemnity, Affidavit and Waiver of Lien" (hereinafter the waiver), executed and delivered to the defendants by the plaintiff Palwinder Singh, in his capacity as the president of the plaintiff Patti Construction Corp. The Supreme Court denied the motion. The defendants appeal.

"Generally, 'a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress' " (*Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d 902, 903 [2011], quoting *Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432, 432 [2010]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011]). "However, when the evidence in the record including, inter alia, the circumstances surrounding the release, as well as the parties' course of dealings, evinces that the parties' intentions were not reflected in the general terms of the release, the release does not conclusively establish a defense as a matter of law" (*Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d at 903-904).

Here, the defendants presented proof, specifically the general release and the waiver, demonstrating their prima facie entitlement to judgment as a matter of law dismissing the complaint and on their counterclaim for a judgment declaring that the mechanic's liens against their property are null and void. However, in opposition, the plaintiffs submitted proof raising triable issues of fact regarding, among other things, whether the parties' intentions were reflected by the terms of the general release and the waiver (*see Leonard E. Riedl Constr., Inc. v*

*Homeyer*, 105 AD3d 1391 [2013]; *Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d at 904).

The defendants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and on their counterclaims, inter alia, for a judgment declaring that the mechanic's liens against their property are null and void. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.