■ Erick Baez et al., Respondents, v Parkway Mobile Homes, Inc., Appellant, et al., Defendants. [5 NYS3d 154]—

In an action to recover damages for personal injuries, etc., the defendant Parkway Mobile Homes, Inc., appeals from so much of (1) an order of the Supreme Court, Rockland County (Berliner, J.), dated December 11, 2012, as granted that branch of the plaintiffs' cross motion which was for leave to discontinue the action without prejudice, and (2) an order of the same court dated April 25, 2013, as, sua sponte, vacated an order of the same court dated December 11, 2012, granting its motion for summary judgment dismissing the complaint insofar asserted against it, and thereupon denied that motion as academic.

Ordered that on the Court's own motion, the notice of appeal

from so much of the order dated April 25, 2013, as, sua sponte, vacated the order dated December 11, 2012, granting the motion of the defendant Parkway Mobile Homes, Inc., for summary judgment dismissing the complaint insofar asserted against it, and thereupon denied that motion as academic, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated December 11, 2012, inter alia, granting that branch of the plaintiffs' cross motion which was for leave to discontinue the action without prejudice, is reversed insofar as appealed from, on the law and in the exercise of discretion, and that branch of the plaintiffs' cross motion is denied; and it is further,

Ordered that the order dated April 25, 2013, is reversed insofar as appealed from, on the law, and the order dated December 11, 2012, granting the motion of the defendant Parkway Mobile Homes, Inc., for summary judgment dismissing the complaint insofar asserted against it is reinstated; and it is further,

Ordered that one bill of costs is awarded to the defendant Parkway Mobile Homes, Inc., payable by the plaintiffs.

The plaintiffs commenced this action in the Supreme Court, Rockland County, to recover damages for personal injuries, etc., against, among others, the defendant Parkway Mobile Homes, Inc. (hereinafter Parkway). On May 3, 2012, Parkway allegedly served upon the plaintiffs a written demand requiring the plaintiffs to resume prosecution of the action and to serve and file a note of issue within 90 days after receipt of the demand, and also stating that the failure to comply with the demand would serve as a basis for a motion to dismiss the action. On May 21, 2012, Parkway moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not negligent and, further, that any alleged negligence was not a proximate cause of the injured plaintiff's injuries. The plaintiffs opposed the motion.

On August 3, 2012, after its motion for summary judgment was fully submitted, but before the Supreme Court rendered a decision on the merits, Parkway separately moved pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute, alleging that the plaintiffs failed to timely respond to its 90-day notice. On that same date, the plaintiffs cross-moved for leave to discontinue the action without prejudice so that they could commence the same action in Bronx County or, alternatively, for an extension of time to file a note of issue.

In an order dated December 11, 2012, the Supreme Court granted Parkway's motion for summary judgment dismissing the complaint insofar as asserted against it (hereinafter the summary judgment order). In a separate order dated December 11, 2012, the court, among other things, granted that branch of the plaintiffs' cross motion which was for leave to discontinue the action without prejudice (hereinafter the discontinuance order). The court noted that it had granted Parkway's motion for summary judgment dismissing the complaint insofar as asserted against it in the summary judgment order, and then stated, "[w]hile the court understands that that decision would not be binding on a court of concurrent jurisdiction, said motion was decided so as to create the 'law of the case' should this case ever return to this court." The court denied, as academic, Parkway's separate motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against it for failure to prosecute. The court also denied, as academic, that branch of the plaintiffs' cross motion which was for an extension of time to file a note of issue.

The plaintiffs filed a notice of appeal from the summary judgment order. Parkway then moved for leave to reargue its opposition to that branch of the plaintiffs' motion which was for leave to discontinue the action without prejudice, seeking to have the court delete the paragraph of the discontinuance order which stated that the summary judgment order would not be binding on a court of concurrent jurisdiction. In the order dated April 25, 2013, the Supreme Court granted Parkway's motion to reargue, and upon reargument, in effect, adhered to its original determination in the discontinuance order. However, the court also, sua sponte, vacated the summary judgment order, and thereupon denied Parkway's motion for summary judgment dismissing the complaint insofar as asserted against it as academic. This Court subsequently granted an application made by the plaintiffs to withdraw their appeal from the summary judgment order.

Parkway appeals from so much of the discontinuance order as granted that branch of the plaintiffs' cross motion which was for leave to discontinue the action without prejudice. Parkway also appeals from so much of the order dated April 25, 2013, as, sua sponte, vacated the summary judgment order and thereupon denied, as academic, Parkway's motion for summary judgment dismissing the complaint insofar as asserted against it.

"A motion for leave to discontinue an action without prejudice should be granted unless there are reasons which would

justify its denial" (*GMAC Mtge., LLC v Bisceglie*, 109 AD3d 874, 876 [2013]). Such a determination "rests within the sound discretion of the court," and the motion should be granted "[i]n the absence of special circumstances, such as prejudice to a substantial right of the defendant, or other improper consequences" (*Expedite Video Conferencing Servs., Inc. v Botello*, 67 AD3d 961, 961 [2009]), including an adverse determination of the court (*see Kaplan v Village of Ossining*, 35 AD3d 816, 816-817 [2006]), or the consequences of a potentially adverse determination (*see e.g. GMAC Mtge., LLC v Bisceglie*, 109 AD3d at 876; *Rosenfeld v Renika Pty. Ltd.*, 84 AD3d 703, 703 [2011]; *McMahan v McMahan*, 62 AD3d 619, 620 [2009]; *Matter of Oneida Indian Nation of N.Y. v Pifer*, 43 AD3d 579, 580 [2007]; *Venture I, Inc. v Voutsinas*, 8 AD3d 475, 475 [2004]; *Casey v Custom Crushing & Materials*, 309 AD2d 726, 727 [2003]; *see also Tucker v Tucker*, 55 NY2d 378 [1982]).

Here, the plaintiffs cross-moved, inter alia, for leave to discontinue the action without prejudice in response to Parkway's separate motion pursuant to CPLR 3216 to dismiss the complaint on the ground that the plaintiffs had failed to timely respond to its 90-day notice. The Supreme Court's determination to grant that branch of the plaintiffs' cross motion which was for leave to discontinue the action without prejudice allowed the plaintiffs to avoid the potentially adverse consequences of having failed to timely respond to Parkway's 90-day notice (*see* CPLR 3216), and an adverse determination of Parkway's motion for summary judgment. Under these circumstances, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion which was for leave to discontinue the action without prejudice (*see Schachter v Royal Ins. Co. of Am.*, 21 AD3d 1024, 1025 [2005]; *see also GMAC Mtge., LLC v Bisceglie*, 109 AD3d at 876; *Rosenfeld v Renika Pty. Ltd.*, 84 AD3d at 703; *McMahan v McMahan*, 62 AD3d at 620; *Matter of Oneida Indian Nation of N.Y. v Pifer*, 43 AD3d at 580; *Kaplan v Village of Ossining*, 35 AD3d at 816-817; *Venture I, Inc. v Voutsinas*, 8 AD3d at 475; *Casey v Custom Crushing & Materials*, 309 AD2d at 727).

The Supreme Court also improperly, sua sponte, vacated the summary judgment order and thereupon denied, as academic, Parkway's motion for summary judgment dismissing the complaint insofar as asserted against it. Contrary to the plaintiffs' contention, the court was not acting within the purview of CPLR 2221, 2214 or 5015, since Parkway's pending motion to reargue sought only to modify the discontinuance order, and no relief was sought by any party from the summary

judgment order (*see Carter v Johnson*, 110 AD3d 656, 658 [2013]; *Armstrong Trading, Ltd. v MBM Enters.*, 29 AD3d 835, 836 [2006]). To the extent that the Supreme Court may have been acting out of its common-law authority to grant relief from an order or judgment in the interests of justice (*see Nash v Port Auth. of N.Y. & N.J.*, 22 NY3d 220, 226 [2013]; *Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *Ladd v Stevenson*, 112 NY 325, 332 [1889]), the court's vacatur of the summary judgment order was an improvident exercise of discretion.

Finally, the plaintiffs argue that this Court should reinstate their appeal from the summary judgment order. However, the issue of whether that appeal should be reinstated is not properly before this Court on this appeal and is improperly raised by the plaintiffs in their appellate brief. The proper procedure is for the plaintiffs, if they are so advised, to seek leave in this Court to make a motion to reinstate that appeal.

The plaintiffs' remaining contention is without merit. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.