■ In the Matter of NORMAN J. MERCER, Deceased. BNY MELLON, N.A., et al., Appellants; HOWARD MERCER et al., Respondents. [35 NYS3d 692]——

In a probate proceeding, in which BNY Mellon, N.A., Martin D. Newman, and Carol M. Mercer, the co-executors of the estate of Norman J. Mercer, petitioned for the judicial settlement of their account, the co-executors appeal, as limited by their notice of appeal and brief, from so much of an order of the Surrogate's Court, Suffolk County (Czygier, Jr., S.), entered March 30, 2015, as denied those branches of their motion which were for summary judgment dismissing certain objections to the account.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the petitioners' motion which was for summary judgment dismissing the objections insofar as they are based upon transactions or valuations made by the petitioners prior to November 24, 2009, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The decedent, Norman J. Mercer, died on November 20, 2007,

survived by his wife, Carol M. Mercer, and three children from a prior marriage. The decedent's two sons (hereinafter together the Mercer sons) filed joint objections to the propounded probate of a September 21, 2004, will, and January 29, 2007, codicil, both of which reflected a testamentary scheme providing Carol with lifetime enjoyment of the bulk of the decedent's approximately $8 million estate, and appointed her, Martin D. Newman, and the Bank of New York, now known as BNY Mellon, N.A., as co-executors of the estate (hereinafter collectively the appellants).

The Mercer sons' objections to probate were settled by an agreement effective November 24, 2009 (hereinafter the Settlement), wherein the appellants and the Mercer sons agreed that the propounded instruments would be admitted to probate in return for an outright payment to the objectants of the sum of $1.5 million, to be made with estate funds in the nature of an "inheritance," at the Mercer sons' request. The Settlement also resolved a pending action commenced by the Mercer sons in the United States District Court for the Eastern District of New York (hereinafter the Federal Action) against the appellants, both individually and in their representative capacities as trustees of two retirement trusts created under a postnuptial marital agreement between the decedent and Carol.

On May 9, 2011, the appellants filed a petition for the judicial settlement of their account. In July 2011, the Surrogate's Court appointed a guardian ad litem to represent infant beneficiaries having an interest in the estate along with unborn persons having a contingent interest in the remainder of one or more testamentary trusts created under the propounded will. Both the guardian ad litem and the Mercer sons filed objections to the account.

On a prior appeal, this Court awarded summary judgment to the appellants dismissing the Mercer sons' objection which challenged the individual appellants' use of estate funds to pay the legal fees incurred in defending the federal action (*see Matter of Mercer*, 113 AD3d 772 [2014]). This Court stated on the prior appeal: "the [S]ettlement sought to 'resolv[e] any and all claims and disputes *raised or which could have been raised by any party, to date*' with respect to the contested probate proceeding and the [F]ederal [A]ction, 'including claims relating to the administration of [the decedent's] probate estate created by [the decedent's] will' (emphasis supplied). Thus, paragraph 14 provided for the mutual release of obligations 'including but not limited to any claims and causes of action . . . that [the parties] have asserted against each other *or*

*claims they could have asserted in the above referenced lawsuits* to date, provided however that the parties understand and agree that [the objectants] are not releasing their rights to inherit under the Will, Codicil and [Marital] Agreement after Carol dies . . . with respect to [the decedent's] probate estate' (emphasis supplied). Paragraph 23 similarly provided that the Settlement set forth the parties' 'entire agreement and understanding . . . in respect to . . . all claims that were *or could have been made by any of the parties in any proceeding in the Surrogate's Court, Suffolk County*' (emphasis supplied)" (*id*. at 774).

We explained that "[i]n negotiating the [S]ettlement, the [Mercer sons] were represented by experienced attorneys who had full knowledge of the claims that caused the appellants to incur legal fees in the [F]ederal [A]ction," and found that their "belated challenge to the use of estate funds to pay the appellants' legal fees in the [F]ederal [A]ction fits squarely in the category of claims that they released in the [S]ettlement, which 'could have [been] asserted in the above referenced lawsuits to date' or 'could have been made by any of the parties in any proceeding in the Surrogate's Court, Suffolk County' " (*id*. at 774-775).

After this Court issued the decision and order on the prior appeal, the appellants moved, inter alia, for summary judgment dismissing the Mercer sons' remaining objections and nine of the guardian ad litem's objections to the account. The appellants argued, inter alia, that certain objections should be dismissed to the extent they are based upon transactions or valuations made by the appellants prior to the effective date of the Settlement, November 24, 2009, inasmuch as such claims fall under the category of claims the Mercer sons released in the settlement. They further contended that while the guardian ad litem did not execute the Settlement, the guardian ad litem's wards were nevertheless bound by it inasmuch as they take their interest in the estate through the signatories to the Settlement, which expressly binds the signatories to the Settlement as well as their heirs, successors, and assigns.

In an order dated March 30, 2015, the Surrogate's Court, inter alia, granted the appellants' motion to the extent of dismissing several of the Mercer sons' objections on the ground that they were based upon information available to them, or to their attorneys, at the time they executed the Settlement and therefore, they released these claims pursuant to the Settlement. However, the court found that the Mercer sons did not intend to release claims based upon transactions or valuations

of which they or their attorneys had no knowledge at the time they entered into the Settlement. The court also determined that the guardian ad litem's wards were not bound by the Settlement.

Contrary to the Surrogate's Court determination, the guardian ad litem's wards are bound by the release in the Settlement, as the Settlement states that it "and the rights and obligations set forth [therein] shall be binding upon the parties hereto, and upon their respective heirs, executors, administrators, successors, assigns, trustees and legal representatives." With respect to the Mercer sons, pursuant to the Settlement, they released all claims which could have been asserted in the probate proceeding, whether or not they had knowledge of such claims at the time they executed the Settlement. "A valid general release will apply not only to known claims, but 'may encompass unknown claims . . . , if the parties so intend and the agreement is "fairly and knowingly made" ' " (*Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d 667, 670-671 [2014], quoting *Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 276 [2011], quoting *Mangini v McClurg*, 24 NY2d 556, 566-567 [1969]). " 'The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given' " (*Huma v Patel*, 68 AD3d 821, 822 [2009], quoting *Lefrak SBN Assoc. v Kennedy Galleries*, 203 AD2d 256 [1994]; *see Cahill v Regan*, 5 NY2d 292, 299 [1959]; *Rivera v Wyckoff Hgts. Med. Ctr.*, 113 AD3d at 671; *Desiderio v Geico Gen. Ins. Co.*, 107 AD3d 662, 662 [2013]; *Kaprall v WE: Women's Entertainment, LLC*, 74 AD3d 1151, 1152 [2010]).

Here, the express purpose of the Settlement was to resolve "*any and all* claims and disputes raised or which could have been raised by any party to date, in both pending proceedings, *including claims relating to the administration of [the decedent's] probate estate created by [the decedent's] will*" (emphasis added). This language unambiguously reflects a desire to resolve "any and all claims" related to the administration of the estate which could have been raised by the parties in the probate proceeding. There is no indication that the parties intended to limit the release to those claims of which the Mercer sons or their attorneys had knowledge at the time they executed the Settlement. Therefore, the appellants established that they were entitled to judgment as a matter of law on this issue. In response, the objectants did not raise a triable issue fact as to whether the Settlement was the product of " 'fraudulent inducement, fraudulent concealment, misrepresentation,

mutual mistake or duress' " (*Orangetown Home Improvements, LLC v Kiernan*, 84 AD3d 902, 903 [2011], quoting *Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432, 432 [2010]; *see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d at 276; *Ortiz v Brooks*, 135 AD3d 921, 922 [2016]; *Patti Constr. Corp. v 111-16 Atl. Ave. Realty Corp.*, 119 AD3d 756, 757 [2014]). Therefore, the Surrogate's Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the objections of the Mercer sons and the guardian ad litem which were based on transactions or valuations made by the appellants prior to November 24, 2009.

The appellants' remaining contentions are without merit. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.