United Airconditioning Corp. v Axis Piping, Inc. (2021 NY Slip Op 03210)





United Airconditioning Corp. v Axis Piping, Inc.


2021 NY Slip Op 03210


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-06489
 (Index No. 603326/13)

[*1]United Airconditioning Corp., plaintiff third-party defendant-respondent-appellant, 
v
Axis Piping, Inc., defendant third-party plaintiff-appellant-respondent.


Polsinelli, P.C., New York, NY (Jason S. Samuels and Aaron E. Zerykier of counsel), for defendant third-party plaintiff-appellant-respondent.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Peter E. Strniste, Jr., and Todd Regan of counsel), for plaintiff third-party defendant-respondent-appellant.



DECISION & ORDER
In an action to recover damages for breach of contract and on an account stated, the defendant third-party plaintiff appeals, and the plaintiff third-party defendant cross-appeals, from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered June 14, 2017. The order, insofar as appealed from, granted the defendant third-party plaintiff's cross motion for summary judgment on its counterclaim and the third-party complaint awarding it damages in the principal sum of $389,853.17 only to the extent of awarding it damages in the principal sum of $46,000, and, sua sponte, vacated a prior order of the same court dated December 14, 2016, upon reargument, granting the defendant third-party plaintiff's motion, in effect, for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, denied the plaintiff third-party defendant's motion for summary judgment dismissing the defendant third-party plaintiff's counterclaim and the third-party complaint and granted the defendant third-party plaintiff's cross motion for summary judgment on its counterclaim and the third-party complaint to the extent of awarding it damages in the principal sum of $46,000.
ORDERED that on the Court's own motion, the defendant third-party plaintiff's notice of appeal from so much of the order entered June 14, 2017, as, sua sponte, vacated the prior order dated December 14, 2016, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered June 14, 2017, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting the defendant third-party plaintiff's cross motion for summary judgment on its counterclaim and the third-party complaint to the extent of awarding it damages in the principal sum of $46,000, and substituting therefor a provision denying the defendant third-party plaintiff's cross motion, and (2) by deleting the provision thereof, sua sponte, vacating the order dated December 14, 2016; as so modified, the order is affirmed, without costs or disbursements, and the order dated December 14, 2016, is reinstated.
On May 10, 2011, the defendant, Axis Piping, Inc. (hereinafter Axis), entered into a subcontract with the plaintiff, United Airconditioning Corp. (hereinafter United), to perform piping [*2]work for a construction project at Delta Airlines Terminal 4 at John F. Kennedy International Airport (hereinafter the Delta project) for $4,850,000. Approximately one year later, on May 22, 2012, Axis entered into a separate subcontract with United to perform piping work for the BioBAT Science and Technology Center (hereinafter the BioBAT project) in Brooklyn for $2,100,000. On January 22, 2013, United wrote to Axis, terminating it from the BioBAT project "for cause" based on Axis's "failure to supply sufficient materials to prosecute the work" as required by the subcontract.
In November 2013, United commenced this action against Axis to recover damages for breach of contract and on an account stated, alleging that Axis's failure to perform under the BioBAT project subcontract caused United to expend $656,046.22 to complete the piping work. Axis answered the complaint and asserted a counterclaim against United to recover damages for breach of the Delta project subcontract, alleging that United owed Axis $1,218,814 for work performed on that project. Axis subsequently commenced a third-party action against United, inter alia, to recover damages for breach of the Delta project subcontract.
Axis moved, in effect, for summary judgment dismissing the complaint. By order dated October 4, 2016, the Supreme Court denied Axis's motion. Thereafter, Axis moved for leave to reargue its motion. By order dated December 14, 2016 (hereinafter the December 2016 order), the court granted Axis's motion for leave to reargue and, upon reargument, granted Axis's motion, in effect, for summary judgment dismissing the complaint.
United thereafter moved for summary judgment dismissing Axis's counterclaim and third-party complaint. United argued that Axis's claims under the Delta project were barred by a "Final Waiver of Lien" executed November 30, 2012. Axis opposed the motion and cross-moved for summary judgment awarding it damages in the principal sum of $389,853.17 on its counterclaim and the third-party complaint, both of which related to the Delta project. By order entered June 14, 2017 (hereinafter the June 2017 order), the Supreme Court denied United's motion and granted Axis's cross motion only to the extent of awarding it $46,000. While the court found that United failed to assert the affirmative defense of release in its reply to Axis's counterclaim, the court deemed the reply "amended to assert the defense of release." Nonetheless, it determined that the record contained triable issues of fact regarding whether the final waiver of lien was intended to release United from all claims by Axis. In addition, the court found that a purchase order Axis submitted for $46,000, on the same date the waiver was executed, was not covered by the waiver.
Furthermore, the Supreme Court found that "the parties' course of dealing suggests that amounts owed on the BioBAT job may be offset against sums due on the Delta project." Based on that finding, the court, sua sponte, vacated the December 14, 2016 order, upon reargument, awarding Axis summary judgment dismissing the complaint, which related to the BioBAT project. The court granted Axis's cross motion for summary judgment on its counterclaim and the third-party complaint under the Delta project to the extent of awarding it $46,000 "net of all claims due on both projects." Axis appeals, and United cross-appeals, from the June 2017 order.
Contrary to Axis's contention, the Supreme Court providently exercised its discretion in deeming United's reply to Axis's counterclaim amended to assert the affirmative defense of release, as United asserted the defense in its motion for summary judgment dismissing Axis's counterclaim and Axis failed to demonstrate that it would be prejudiced by the amendment (see GMAC Mtge., LLC v Coombs, 191 AD3d 37; Ficorp, Ltd. v Gourian, 263 AD2d 392).
However, upon considering United's affirmative defense of release, the Supreme Court correctly determined that United's submissions in support of its motion failed to demonstrate its prima facie entitlement to judgment as a matter of law on the ground that the final waiver of lien barred Axis's counterclaim. "Generally, 'a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress'" (Orangetown Home Improvements, LLC v Kiernan, 84 AD3d 902, 903, quoting Global Precast, Inc. v Stonewall Contr. Corp., 78 AD3d 432, 432). "However, when the evidence in the record including, inter alia, the circumstances surrounding the release, as well as the parties' course of [*3]dealings, evinces that the parties' intentions were not reflected in the general terms of the release, the release does not conclusively establish a defense as a matter of law" (Orangetown Home Improvements, LLC v Kiernan, 84 AD3d at 903-904; see Patti Constr. Corp. v 111-16 Atl. Ave. Realty Corp., 119 AD3d 756, 757).
Here, the final waiver of lien on the Delta project, executed November 30, 2012, stated that Axis "do(es) hereby waive and release any and all lien or claim or right of lien on the above premises . . . and on the monies or other consideration due or to become due from the owner, and on account of labor or materials, or both." As Axis argues, when read in conjunction with the Delta project subcontract, the waiver is ambiguous as to whether it encompasses all claims by Axis against United (see Corhill Corp. v S.D. Plants, Inc., 9 NY2d 595, 598; Kappa Dev. Corp. v Queens Coll. Point Holdings, LLC, 95 AD3d 1178, 1178-1179; Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc., 64 AD3d 565, 578). Accordingly, United failed to demonstrate, prima facie, that the final waiver of lien barred Axis's counterclaim and the third-party action.
In any event, Axis submitted evidence raising triable issues of fact regarding, among other things, "whether the parties' intentions were reflected by the terms of the general release and the waiver" (Patti Constr. Corp. v 111-16 Atl. Ave. Realty Corp., 119 AD3d at 757). Specifically, Axis's papers in opposition to United's motion demonstrated that United made payments to Axis for the Delta project after the waiver was signed and that, in 2013, United advised Axis it was awaiting owner approval or general contractor approval before it could pay Axis's outstanding change orders or premium time requests, several of which postdated the release. "'Where a waiver form purports to acknowledge that no further payments are owed, but the parties' conduct indicates otherwise, the instrument will not be construed as a release'" (Murnane Bldg. Contrs., LLC v Cameron Hill Constr., LLC, 159 AD3d 1602, 1605, quoting Leonard E. Riedl Constr., Inc. v Homeyer, 105 AD3d 1391, 1392 [internal quotation marks omitted]).
The Supreme Court erred in, sua sponte, vacating the December 2016 order. "'Pursuant to CPLR 5019(a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based. However, a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment'" (Carter v Johnson, 110 AD3d 656, 658, quoting JSO Assoc., Inc. v Price, 104 AD3d 737, 738 [internal quotation marks omitted]). Additionally, "[p]ursuant to CPLR 5015(a), a court may relieve a party from an order or judgment, but only 'on motion of [an] interested person' and 'with such notice as the court may direct" (Carter v Johnson, 110 AD3d at 658, quoting CPLR 5015[a]; see Baez v Parkway Mobile Homes, Inc., 125 AD3d 905, 908-909).
Here, to the extent that the Supreme Court was acting pursuant to CPLR 5019(a), the court erred, since that statute cannot be used by courts to vacate prior orders or judgments or "reconsider[ ] the merits of summary judgment" (Sokolof v Schor, 176 AD3d 120, 130). Additionally, because the pending motion and cross motion sought only adjudication of Axis's counterclaim and third-party complaint, which related to the Delta project, and no relief was sought by either party with respect to the December 2016 order or the BioBAT project, the court could not properly have acted within the purview of CPLR 5015(a) (see Baez v Parkway Mobile Homes, Inc., 125 AD3d at 908-909). Moreover, to the extent that the court may have been acting pursuant to its common-law authority to grant relief from an order of judgment in the interest of justice, the court's vacatur of the December 2016 order was an improvident exercise of discretion (see id.; see also JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692-693).
United argues that the Supreme Court's vacatur of the December 2016 order, and its related determination that Axis's claimed damages under the Delta project could be offset with United's claimed damages under the BioBAT project, was proper because Axis's notice of cross motion included a general prayer for relief. However, "[w]hile a court 'may grant relief, pursuant to a general prayer contained in the notice of motion or order to show cause, other than that specifically asked for, to such extent as is warranted by the facts plainly appearing [in] the papers [*4]on both sides,' it may do so only 'if the relief granted is not too dramatically unlike the relief sought, and if the proof offered supports it and the court is satisfied that no one has been prejudiced by the formal omission to demand it specifically'" (Carter v Johnson, 110 AD3d at 658, quoting Nehmadi v Davis, 95 AD3d 1181, 1184 [emphasis added]).
Here, the relief awarded was completely different from the relief sought in the pending motion and cross motion, which only sought resolution of the Delta project claims (see Carter v Johnson, 110 AD3d at 658; Matter of Myers v Markey, 74 AD3d 1344, 1345). Additionally, contrary to United's contention, the relief awarded was not "warranted by the facts plainly appearing [in] the papers on both sides" (Nehmadi v Davis, 95 AD3d at 1184 [internal quotation marks omitted]), and Axis was prejudiced by that relief (see Evans v Argent Mtge. Co., LLC, 120 AD3d 618, 621; Clair v Fitzgerald, 63 AD3d 979, 980; cf. Caro v Marsh USA, Inc., 101 AD3d 1068, 1069).
Contrary to Axis's contention, it failed to demonstrate its entitlement to summary judgment awarding it damages in the principal sum of $389,853.17 on its counterclaim and the third-party complaint, because Axis's own submission raised triable issues of fact regarding the amount it was owed on the Delta project, thus requiring denial of its cross motion regardless of the sufficiency of United's opposing papers (see Vega v Restani Constr. Corp., 18 NY3d 499, 503).
Moreover, the Supreme Court should not have awarded Axis $46,000, based on a November 30, 2012 purchase order, as triable issues of fact exist regarding whether that purchase order was paid. Accordingly, the court erred in granting Axis's cross motion to the extent of awarding it $46,000, and the cross motion should have been denied in its entirety.
United's remaining contention is not properly before this Court on the present appeal.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court