Fisch v Wells Fargo Bank, N.A. (2023 NY Slip Op 03001)

Fisch v Wells Fargo Bank, N.A.

2023 NY Slip Op 03001

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2020-01404
 (Index No. 501915/16)

[*1]Benjamin Fisch, et al., appellants,
v
Wells Fargo Bank, N.A., etc., respondent.

Berg & David, PLLC, Brooklyn, NY (Abraham David, Gordon Speckhard, and Sholom Wohlgelernter of counsel), for appellants.
Akerman LLP, New York, NY (Erica R. S. Goldman and Eric M. Levine of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 24, 2019. The order, insofar as appealed from, granted the defendant's motion to modify an order of the same court dated November 15, 2018, in effect, granting the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint, by adding a decretal paragraph directing dismissal of the complaint, and denied that branch of the plaintiffs' cross-motion which was for leave to reargue their opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal from so much of the order dated December 24, 2019, as denied that branch of the plaintiffs' cross-motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated December 24, 2019, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In or about October 2009, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), commenced an action against, among others, Benjamin Fisch and Rachel Fisch (hereinafter together the appellants) to foreclose a mortgage encumbering property located in Brooklyn. In December 2011, upon the filing of a notice of discontinuance, the Supreme Court issued an order discontinuing that action. In July 2013, Wells Fargo commenced a second action to foreclose the mortgage. In an order entered December 14, 2015, the court directed dismissal of the second action to foreclose the mortgage.
In February 2016, the appellants commenced this action (hereinafter the Quiet Title Action) against Wells Fargo pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage on the ground that the statute of limitations to commence a foreclosure action had expired. On June 3, 2016, Wells Fargo commenced a third action to foreclose the mortgage. In the Quiet Title Action, Wells Fargo moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground that the third action to foreclose the mortgage was timely commenced under CPLR 205(a). The appellants opposed the motion.
By order dated November 15, 2018, the Supreme Court determined that Wells Fargo had set forth a meritorious ground for dismissal of the complaint in the Quiet Title Action insofar as the six-month period within which to commence the third action to foreclose the mortgage ran from the date of entry of the order terminating the second action to foreclose the mortgage, rather than the date of issuance of that order. However, the order dated November 15, 2018, did not include a decretal paragraph explicitly granting Wells Fargo's motion or directing dismissal of the complaint. The appellants did not appeal from that order.
Wells Fargo thereafter moved to modify the order dated November 15, 2018, so as to clarify that the Supreme Court was directing dismissal of the complaint in the Quiet Title Action. The appellants opposed the motion and cross-moved, inter alia, to reargue their opposition to Wells Fargo's motion pursuant to CPLR 3211(a) to dismiss the complaint. By order dated December 24, 2019, the court, among other things, granted Wells Fargo's motion, modified the order dated November 15, 2018 to clarify that it was directing dismissal of the complaint in the Quiet Title Action, and denied that branch of the appellants' cross-motion. This appeal followed.
A trial court has discretion to correct an order or judgment which contains a mistake, defect, or irregularity that does not affect a substantial right of a party (see CPLR 5019[a]; United Airconditioning Corp. v Axis Piping, Inc., 194 AD3d 981, 985; Deutsche Bank Natl. Trust Co. v Lawson, 134 AD3d 760, 761; see also CPLR 2002; Vierya v Briggs & Stratton Corp., 184 AD2d 766, 767). Under the circumstances present here, the Supreme Court providently exercised its discretion in correcting the order dated November 15, 2018, so as to direct dismissal of the complaint in the Quiet Title Action, since the failure to include that provision was an inadvertent omission.
The parties' remaining contentions are not properly before this Court.
IANNACCI, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court