American Home Mtge. Servicing, Inc. v Kaplan (2024 NY Slip Op 02294)

American Home Mtge. Servicing, Inc. v Kaplan

2024 NY Slip Op 02294

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2022-00055 
2022-00492
 (Index No. 11319/08)

[*1]American Home Mortgage Servicing, Inc., respondent, 
v
Bruce H. Kaplan, appellant, et al., defendants.

Bruce H. Kaplan, Hauppauge, NY, appellant pro se.
Stradley Ronon Stevens & Young, LLP, New York, NY (Christa A. Menge of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Bruce H. Kaplan appeals from (1) an order of the Supreme Court, Suffolk County (Derrick J. Robinson, J.), dated November 22, 2021, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated November 22, 2021. The order, insofar as appealed from, denied that defendant's motion to strike the plaintiff's notice of computation and revised notice of computation and granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon an order of the same court (W. Gerard Asher, J.) dated August 5, 2015, among other things, denying that branch of that defendant's unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and upon an order of the same court (Michael A. Gajdos, Jr., J.) dated April 17, 2019, denying that defendant's motion pursuant to CPLR 5015(a) to vacate so much of the order dated August 5, 2015, as denied that branch of his unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and to vacate an order of the same court (W. Gerard Asher, J.) dated August 27, 2015, sua sponte, inter alia, vacating an order of the same court (W. Gerard Asher, J.) dated January 6, 2015, granting that branch of that defendant's unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated November 22, 2021, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the motion of the defendant Bruce H. Kaplan to vacate so much of the order dated August 5, 2015, as denied that branch of his unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and the order dated August 27, 2015, are granted, the order dated January 6, 2015, is reinstated, so much of the order dated August [*2]5, 2015, as denied that branch of his unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and the order dated August 27, 2015, are vacated, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied as academic, and the order dated November 22, 2021, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Bruce H. Kaplan.
The appeal from the order dated November 22, 2021, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated November 22, 2021, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In March 2008, the plaintiff commenced this action against the defendant Bruce H. Kaplan (hereinafter the defendant), among others, inter alia, to foreclose a consolidated mortgage. The defendant interposed an answer. In July 2009, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion. In an order dated July 19, 2010, the Supreme Court, inter alia, granted the plaintiff's motion, struck the defendant's answer, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
In June 2014, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff failed to oppose the motion. In an order dated January 6, 2015, the Supreme Court granted that branch of the motion. In a subsequent order dated August 5, 2015, however, the court denied the same branch of that motion.
Thereafter, in an order dated August 27, 2015, the Supreme Court, sua sponte, vacated the order dated January 6, 2015, and provided that the order dated "August 7, 2015 [sic]," "stands as the Order and Decision of this Court." The defendant filed an appeal from the order dated August 27, 2015, but the appeal was dismissed on the ground that no appeal lies as of right from an order that does not decide a motion made on notice.
In February 2018, the defendant moved pursuant to CPLR 5015(a) to vacate so much of the order dated August 5, 2015, as denied that branch of his unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, and the order dated August 27, 2015, on the ground of lack of jurisdiction "due to the Court's prior issuance of the [order dated] January 6, 2015." The plaintiff opposed the motion, arguing, inter alia, that correction of the order dated January 6, 2015, was permissible pursuant to CPLR 5019. In an order dated April 17, 2019, the Supreme Court denied the motion. After the action was referred to a referee, the plaintiff served a notice of computation dated May 7, 2019, and a revised notice of computation dated May 20, 2019. The defendant moved to strike the notices of computation. The plaintiff opposed the motion, and subsequently moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated November 22, 2021, the court, inter alia, denied the defendant's motion to strike the notices of computation and granted the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. On the same day, the court issued an order and judgment of foreclosure and sale, upon the orders dated August 5, 2015, and April 17, 2019, among other things, granting the plaintiff's motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, confirming the referee's report, and directing the sale of the property. The defendant appeals from the order dated November 22, 2021, and the order and judgment of foreclosure and sale.
The appeal from the order and judgment of foreclosure and sale brings up for review the order dated August 5, 2015, and the order dated April 17, 2019 (see CPLR 5501[a][1]; Deutsche Bank Natl. Trust Co. v Higgs, 189 AD3d 1358, 1359).
"Under CPLR 5015(a), the court which rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the ground of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based" (Aurora Loan Servs., LLC v Dorfman, 170 AD3d 786, 788; see CPLR 5015[a]; Nationstar Mtge., LLC v Russo, 167 AD3d 913, 914). "Pursuant to CPLR 5015(a), a court may relieve a party from an order or judgment, but only 'on motion of [an] interested person' and 'with such notice as the court may direct' (CPLR 5015[a] [emphasis added])" (Carter v Johnson, 110 AD3d 656, 658; see United Airconditioning Corp. v Axis Piping Inc., 194 AD3d 981, 985; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d 835, 836).
"In addition to the grounds set forth in section 5015(a), a court may vacate its own [order or] judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Ladd v Stevenson, 112 NY 325, 332; Slate Advance v Saygan Global Steel, Ltd., 206 AD3d 782, 783; Hudson City Sav. Bank v Cohen, 120 AD3d 1304, 1305). However, "this power is not plenary and should only be exercised to grant relief where a judgment was taken through fraud, mistake, inadvertence, surprise, or excusable neglect" (Wells Fargo Bank, N.A. v Hyun Jung Kim, 189 AD3d 1673, 1674-1675; see Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692).
"Pursuant to CPLR 5019(a), a trial court has the discretion to correct an order or judgment which contains a mistake, defect, or irregularity not affecting a substantial right of a party, or is inconsistent with the decision upon which it is based. However, a trial court has no revisory or appellate jurisdiction, sua sponte, to vacate its own order or judgment" (Adams v Fellingham, 52 AD3d 443, 444 [citations omitted]; see U.S. Bank N.A. v Ashley, 202 AD3d 1142, 1144; United Airconditioning Corp. v Axis Piping, 194 AD3d at 984-985; JSO Assoc., Inc. v Price, 104 AD3d 737, 738). "[A] substantive change to a prior order or judgment . . . cannot be made under CPLR 5019(a), even with notice to the parties and an opportunity to be heard. Trial courts have no revisory or appellate authority to correct by amendments any errors of substance in prior orders or judgments" (Sokoloff v Schor, 176 AD3d 120, 132; see Herpe v Herpe, 225 NY 323, 327).
Here, the vacatur of the January 6, 2015 order, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, was improper pursuant to CPLR 5015(a) since no party moved for that relief and no notice was given to the parties (see Carter v Johnson, 110 AD3d at 658; Armstrong Trading, Ltd. v MBM Enters., 29 AD3d at 836). Moreover, in vacating the January 6, 2015 order and substituting therefor the August 5, 2015 order, denying that branch of the defendant's unopposed motion, the court changed the January 6, 2015 order in a substantive manner (see Matter of Owens v Stuart, 292 AD2d 677, 679), thus granting relief that was not permissible under CPLR 5019(a) (see HSBC Bank USA, N.A. v Simmons, 125 AD3d 930, 931; see also Matter of Schiavone v Mannese, 169 AD3d 1052, 1053; Merriwether v Osborne, 66 AD3d 851, 852; Adams v Fellingham, 52 AD3d at 444).
Under the circumstances, the Supreme Court improperly vacated the January 6, 2015 order (see United Airconditioning Corp. v Axis Piping, 194 AD3d at 985; Baez v Parkway Mobile Homes, Inc., 125 AD3d 908, 909). We note that the merits of that branch of the defendant's unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is not before this Court. We determine only that, under the circumstances, the court erred in, sua sponte, vacating the January 6, 2015 order.
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 5015(a) to vacate the orders dated August 5, 2015, and August 27, 2015, and reinstated the order dated January 6, 2015, granting that branch of the defendant's unopposed motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
The parties' remaining contentions either are without merit or need not be reached [*3]in view of our determination.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court