Option One Mtge. Corp. v Rose (2025 NY Slip Op 04099)

Option One Mtge. Corp. v Rose

2025 NY Slip Op 04099

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2023-02587
 (Index No. 16521/08)

[*1]Option One Mortgage Corporation, plaintiff,
v
Winston Rose, et al., defendants, Sprint Group, LLC, respondent; PHH Mortgage Corporation, nonparty-appellant.

Akerman LLP, New York, NY (Chadwick Devlin of counsel), for nonparty-appellant.
Warner & Scheuerman, New York, NY (Jonathon D. Warner and Karl E. Scheuerman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty PHH Mortgage Corporation appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated January 25, 2023. The order, insofar as appealed from, upon granting that branch of the motion of nonparty PHH Mortgage Corporation which was pursuant to CPLR 3217(b) to discontinue the action, in effect, denied that branch of the motion which was to discontinue the action without prejudice and discontinued the action with prejudice.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2008, the plaintiff, Option One Mortgage Corporation (hereinafter Option One), commenced this action against the defendant Winston Rose, among others, to foreclose a mortgage on certain real property located in Brooklyn. Rose failed to answer the complaint. In an order dated August 17, 2009, the Supreme Court granted Option One's motion, inter alia, for leave to enter a default judgment and for an order of reference.
In an order dated April 16, 2013 (hereinafter the order of dismissal), the Supreme Court directed dismissal of the action "without prejudice" after neither Rose nor Option One appeared for a scheduled status conference. In or around October 2015, Option One moved, inter alia, to vacate the order of dismissal and to restore the action to the active calendar. Thereafter, Sprint Group, LLC (hereinafter Sprint), alleging that it had purchased the property pursuant to a deed recorded on May 20, 2014, cross-moved for leave to intervene in the action.
In an order dated April 20, 2016, the Supreme Court granted Option One's motion and Sprint's cross-motion. Sprint appealed from so much of that order as granted those branches of Option One's motion which were to vacate the order of dismissal and to restore the action to the active calendar.
In a decision and order dated September 12, 2018, this Court reversed the order dated April 20, 2016, insofar as appealed from, and denied those branches of Option One's motion which [*2]were to vacate the order of dismissal and to restore the action to the active calendar, on the ground that Option One failed to proffer a reasonable excuse for its default (see Option One Mtge. Corp. v Rose, 164 AD3d 1251).
In October 2021, PHH Mortgage Corporation (hereinafter PHH), as successor to Option One, moved pursuant to CPLR 3217(b) to discontinue the action without prejudice and to cancel notices of pendency filed against the property. In an order dated January 25, 2023, the Supreme Court, inter alia, upon granting that branch of PHH's motion which was pursuant to CPLR 3217(b) to discontinue the action, in effect, denied that branch of the motion which was to discontinue the action without prejudice and discontinued the action with prejudice. PHH appeals.
PHH improperly sought to discontinue an action that had already been disposed of, in order to circumvent an adverse determination (see Baez v Parkway Mobile Homes, Inc., 125 AD3d 905; NBN Broadcasting v Sheridan Broadcasting Networks, 240 AD2d 319).
Accordingly, the Supreme Court, upon granting that branch of PHH's motion which was to discontinue the action, providently exercised its discretion in doing so with prejudice.
BARROS, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court