■ RICHARD LANGHORNE, Individually and as Administrator of the Estate of PETER CONSORTI, Deceased, Appellant, v AMCHEM PRODUCTS, INC., et al., Respondents, et al., Defendants. [808 NYS2d 1]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about August 27, 2004, which dismissed the complaint and all cross claims as against defendant Robert A. Keasbey Co., and order, same court and Justice, entered

October 5, 2004, which dismissed the complaint and all cross claims against defendants Amchem Products, Inc., Dana Corp. and Union Carbide Chemicals and Plastics Co., Inc., unanimously affirmed, without costs.

In this action for personal injuries and wrongful death arising from mesothelioma caused by asbestos fiber inhalation, the motion court properly dismissed the complaint on the ground the claims were barred by the releases signed by plaintiff's decedent in connection with the settlement of a prior federal action alleging asbestosis. These documents released defendants-respondents from "any and all claims" that plaintiff's decedent "may ever have" or "which may arise" from his alleged asbestos exposure, and the releases provided that the settlement was in "complete satisfaction" of all existing and future asbestos-related claims. Such language was "plain and unambiguous" (*Touloumis v Chalem*, 156 AD2d 230, 232 [1989]) and "embrace[d] all possible matters arising between the parties" in connection with the underlying subject (*Mosberg v National Prop. Analyst*, 217 AD2d 482, 484 [1995]). In these circumstances, absent evidence of "duress, illegality, fraud, or mutual mistake" in connection with the scope of the releases (*Mangini v McClurg*, 24 NY2d 556, 563 [1969]), plaintiff's claims were barred. Here, plaintiff failed to meet his requisite burden. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Malone, JJ.