■ INTERNATIONAL ASBESTOS REMOVAL, Respondent, v BEYS SPECIALTY, INC., et al., Appellants. [22 NYS3d 442]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about August 12, 2013, which, to the extent appealed from, denied defendants' motion to dismiss the complaint in its entirety for failure to state a cause of action, or alternatively, for leave to convert their motion to one for summary judgment, unanimously affirmed, with costs.

Assuming defendants' right to move pursuant to CPLR 3211 (a) (1) was not waived, their arguments are unavailing. Generally, "a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress" (*Global Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432, 432 [1st Dept 2010]). However, when the evidence in the record including, inter alia, the circumstances surrounding the release, as well as the parties' course of dealings, evinces that the parties' intentions were not reflected in the general terms of the release, the release does not conclusively establish a defense as a matter of law (*see Spectrum Painting Contrs., Inc. v Kreisler Borg Florman Gen. Constr. Co., Inc.*, 64 AD3d 565, 578 [2d Dept 2009]; *E-J Elec. Installation Co. v Brooklyn Historical Socy.*, 43 AD3d 642, 643-644 [1st Dept 2007]; *West End Interiors v Aim Constr. & Contr. Corp.*, 286 AD2d 250, 251-252 [1st Dept 2001]).

Among other things, the subject releases are only partial releases, and the fact that each release identified the actual amount paid could be construed to mean that the release pertained only to that amount, and not for additional work that was calculated after the fact. Further, the handwritten notations on certain releases, in addition to plaintiff's affidavit, which can be considered on a motion to dismiss (*see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc.*, 115 AD3d

128 [1st Dept 2014]), support the contention that a dispute arose as to whether the releases applied to payment for additional decontamination units that were built in connection with the parties' subcontract. Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.