**McLaughlin v Air & Liquid Sys. Corp.**

2024 NY Slip Op 30812(U)

March 12, 2024

Supreme Court, New York County

Docket Number: Index No. 190046/2022

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ADAM SILVERA**                              PART                    **13**

                                                             *Justice*

------------------------------------------------------------------------X

THOMAS R. MCLAUGHLIN, LILLIAN J. MCLAUGHLIN,

                                  Plaintiff,

                          - v -

AIR & LIQUID SYSTEMS CORPORATION, AS
SUCCESSOR BY MERGER TO BUFFALO PUMPS,
INC.,ALFA LAVAL INC.,AMETECK, INC.,ARMSTRONG
INTERNATIONAL, INC.,AURORA PUMP COMPANY,
BLACKMER, BW/IP, INC. AND ITS WHOLLY-OWNED
SUBSIDIARIES, CARRIER CORPORATION, CLEAVER-
BROOKS, INC.,CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,COURTER & COMPANY INC.,CRANE
CO., CROSBY VALVE, LLC,EXXONMOBIL OIL
CORPORATION, FERGUSON ENTERPRISES,
LLC,INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST
TO BLACKMAN PLUMBING SUPPLY COMPANY,
INC.,FLOWSERVE CORPORATION, AS SUCCESSOR IN
INTEREST TO DURAMETALLIC CORPORATION,
FLOWSERVE US INC.,SOLELY AS SUCCESSOR TO
ROCKWELL MANUFACTURING COMPANY, EDWARD
VALVES, INC.,NORDSTROM VALVES, INC.,AND
EDWARD VOGT VALVE COMPANY, FLSMIDTH
INC.,F/K/A FULLER COMPANY, FMC CORPORATION, ON
BEHALF OF ITS FORMER CHICAGO PUMP, PEERLESS
PUMP AND NORTHERN PUMP BUSINESSES, FOSTER
WHEELER ENERGY CORRPORATION, GARDNER
DENVER, INC.,GENERAL ELECTRIC COMPANY,
GEORGE A. FULLER COMPANY, THE GERARD PACKING
& BELTING CORP., GEROSA INCORPORATED,
GOODYEAR CANADA INC.,THE GOODYEAR TIRE &
RUBBER COMPANY, GOULDS PUMPS LLC,GREENE,
TWEED CO., INC.,HONEYWELL INTERNATIONAL
INC.,F/K/A ALLIEDSIGNAL, INC.,AS SUCCESSOR-IN-
INTEREST TO THE BENDIX CORPORATION, IMO
INDUSTRIES, INC.,ITT INC.,INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO BELL & GOSSETT PUMP
COMPANY, JENKINS BROS., KEELER/DORR-OLIVER
BOILER COMPANY, MARIO & DIBONO PLASTERING CO.,
INC.,THE MARLEY-WYLAIN COMPANY, NATIONAL GRID
GENERATION LLC,O'CONNOR CONSTRUCTORS,
INC.,PARAMOUNT GLOBAL, F/K/A VIACOMCBS
INC.,F/K/A CBS CORPORATION, A DELAWARE
CORPORATION, F/K/A VIACOM INC.,SUCCESSOR BY
MERGER TO CBS CORPORATION, A PENNSYLVANIA
CORPORATION, F/K/A WESTINGHOUSE ELECTRIC

INDEX NO.            190046/2022

MOTION DATE       12/06/2023

MOTION SEQ. NO.       003

**DECISION + ORDER ON
MOTION**

190046/2022  MCLAUGHLIN, THOMAS R. ET AL vs. AIR & LIQUID SYSTEMS CORPORATION,                Page 1 of 8
AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. ET AL
Motion No.  003

1 of 8

[* 1]

CORPORATION, PNEUMO ABEX LLC,SUCCESSOR IN INTEREST TO ABEX CORPORATION, RILEY POWER INC.,SID HARVEY INDUSTRIES, INC.,SPIRAX SARCO, INC.,TISHMAN LIQUIDATING CORPORATION, TREADWELL CORPORATION, UNION CARBIDE CORPORATION, VELAN VALVE CORPORATION, WARREN PUMPS LLC,WEIR VALVE & CONTROLS, USA, INC.,YORK INTERNATIONAL CORPORATION, ZURN INDUSTRIES, LLC,EATON CORPORATION, AS SUCCESSOR-IN-INTEREST TO CUTLER-HAMMER, INC.,CLYDE UNION INC.,GRINNELL LLC,ITT LLC,INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO HOFFMAN SPECIALTY MANUFACTURING CO., MET-PRO TECHNOLOGIES LLC., A CECO ENVIRONMENTAL COMPANY, SUCCESSOR BY MERGER TO MET-PRO CORPORATION, ON BEHALF OF ITS DEAN PUMP DIVISION, ROCKWELL AUTOMATION, INC.,AS SUCCESSOR IN INTEREST TO ALLEN-BRADLEY COMPANY, LLC,SCHNEIDER ELECTRIC USA, INC.,FORMERLY KNOWN AS SQUARE D COMPANY, VIKING PUMP, INC.,BMCE, INC.,F/K/A UNITED CENTRIFUGAL PUMPS, KAMCO SUPPLY CORP., MORSE TEC LLC,F/K/A BORGWARNER MORSE TEC LLC,AS SUCCESSOR-BY-MERGER TO BORG-WARNER CORPORATION, THE GOODYEAR TIRE & RUBBER COMPANY, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, THE WILLIAM POWELL COMPANY, TACO, INC.,LONG ISLAND LIGHTING COMPANY D/B/A LIPA

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 278, 282, 285, 286, 287, 288, 289, 290, 292

were read on this motion to/for                 JUDGMENT - SUMMARY         .

     In this action, defendant Long Island Lighting Company d/b/a/ LIPA (LILCO), a wholly

owned subsidiary of the Long Island Power Authority (LIPA), moves pursuant to CPLR 3212

seeking summary judgment dismissing the complaint and all cross-claims against LILCO on the

grounds that the claims were previously released pursuant to a Settlement Agreement and

General Release executed by the plaintiffs in a prior action.

     Plaintiff Thomas McLaughlin (McLaughlin) was exposed to asbestos during the course

of his work as a steamfitter and welder during the construction of LILCO's Shoreham Nuclear

Power Station from 1978 through 1982. His work included the welding of hangars and pipes, as

190046/2022  MCLAUGHLIN, THOMAS R. ET AL vs. AIR & LIQUID SYSTEMS CORPORATION,       Page 2 of 8
AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. ET AL
Motion No. 003

2 of 8

[* 2]

well as working on piping systems. He claims that the use of Novatex blankets and rolls used to wrap the pipes he welded exposed him to asbestos. In January 2022, McLaughlin was diagnosed with mesothelioma. This action was commenced on March 3, 2022, but did not name LILCO as a defendant until the fourth amended complaint filed on June 15, 2022. LILCO filed a timely answer on July 7, 2022, asserting the affirmative defense that the plaintiffs' claims are barred pursuant to a previous release. McLaughlin passed away on October 20, 2023.

In 1988, the plaintiffs commenced a federal action in the Joint Eastern and Southern Districts Asbestos Litigation, and LILCO was one of the defendants. In that action, McLaughlin sought to recover damages for his personal injuries from asbestos exposure, specifically, asbestosis. The action was resolved via a Settlement Agreement dated January 22, 1993, and a General Release dated April 15, 1993. The "Settlement Agreement constitutes a full and final settlement of the rights between plaintiffs and LILCO." Notice of Motion, Exh. G, Settlement Agreement dated January 22, 1993, p. 2. It further states that,

> plaintiffs on the one hand and LILCO on the other hand desire to discontinue the Actions with prejudice and to settle fully and finally all differences between them, including, but not limited to, those claims asserted in the Actions and any and all other claims or causes of action arising from the allegations therein, or which may arise or could have arisen out of, or in connection with, such allegations. *Id.* at p.1-2.

Section 3 of the Settlement Agreement, titled Settlement with Non-Verdict Plaintiffs, also provides that,

> LILCO agrees to pay to Weitz & Luxenberg Eleven Thousand Seven Hundred Fifty Dollars ($11,750.00) per non-verdict plaintiff subject to: a) the receipt by LILCO of medical records confirming that the non-verdict plaintiff has been diagnosed with an asbestos-related disease (i.e. mesothelioma, lung cancer, GI cancer, pulmonary asbestosis, pleural thickening, etc.). *Id.* at p. 3

In addition, the General Release stipulates that,

> **THOMAS MCLAUGHLIN and LILLIAN MCLAUGHLIN** ("Releasors"), plaintiffs in an action captioned **THOMAS MCLAUGHLIN AND LILLIAN**

190046/2022   MCLAUGHLIN, THOMAS R. ET AL vs. AIR & LIQUID SYSTEMS CORPORATION,        Page 3 of 8
AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. ET AL
Motion No. 003

3 of 8

**MCLAUGHLIN -v- LONG ISLAND LIGHTING COMPANY** pending in the court, and bearing the Index Number 88-CIV-6739 (the "Action"), for and in consideration of the sum of and other good and valuable consideration (the "Settlement Amount"), paid by **LONG ISLAND LIGHTING COMPANY**, and its past and present parents, affiliates and subsidiaries and its predecessors and successors in interest and its agents, heirs and assigns ("Releasee"), the receipt and sufficiency of which is hereby acknowledged, has and hereby does expressly covenant and agree forever to refrain from bringing any suit or proceeding at law or in equity against Releasee and hereby also releases Releasee from any and all claims of any kind whatsoever that they ever had or may ever have against Releasee as a result of the alleged exposure to asbestos fiber or products containing asbestos or dust therefrom, including, but not limited to, any and all claims which may arise for personal injuries or wrongful death ("the Claims") and is in complete satisfaction of the Claims, arising from this personal injury asbestos lawsuit. Notice of Motion, Exh. H, General Release, dated April 15, 1993, p. 1.

The federal action and the instant action are both based on McLaughlin's asbestos exposure from LILCO's Shoreham facility from 1978 to 1982. LILCO made the settlement payment from the federal action by check dated October 27, 1993. LILCO now moves pursuant to CPLR 3212 to dismiss the complaint on the basis that any claims by the plaintiffs regarding McLaughlin's asbestos exposure are barred as per the Settlement Agreement and General Release.

Summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853. Summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980).

190046/2022  MCLAUGHLIN, THOMAS R. ET AL vs. AIR & LIQUID SYSTEMS CORPORATION,  Page 4 of 8
AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. ET AL
Motion No.  003

[* 4]                                          4 of 8

LILCO argues that the Settlement Agreement and General Release bar the instant action.

Generally, "a valid release that is clear and unambiguous on its face constitutes a complete bar to an action on a claim which is the subject of the release absent fraudulent inducement, fraudulent concealment, misrepresentation, mutual mistake or duress". *Glob. Precast, Inc. v Stonewall Contr. Corp.*, 78 AD3d 432, 432 (1st Dept 2010). "The theory of mutual mistake, when acted upon by the courts in refusing to give full effect to a general release, is based upon a determination or conclusion that the minds of the parties failed to meet in agreement upon the essential elements of the instrument." *Viskovich v Walsh-Fuller-Slattery*, 16 AD2d 67, 68 (1st Dept 1962), *affd,* 13 NY2d 1100 (1963). "In the instance of mutual mistake, the burden of persuasion is on the one who would set the release aside." *Mangini v McClurg*, 24 NY2d 556, 563 (1969). Thus, it is the plaintiff's burden "to establish that he did not intend more than a limited release; that he did not know and could not know of the later revealed injuries, and that different injuries are involved rather than unanticipated consequences of known injuries." *Id.* at 568.

Further, "a release may encompass unknown claims…if the parties so intend and the agreement is fairly and knowingly made". *Centro Empresarial Cempresa S.A. v Am. Movil, S.A.B. de C.V.*, 17 NY3d 269, 276 (2011) (internal quotations omitted). "[I]f from the particular language of the release or from the circumstances of the negotiated settlement, there was a conscious and deliberate intention to discharge liability from all consequences of an accident, the release will be sustained and bar any future claims of previously unknown injuries". *Mangini*, 24 NY2d at 564. "However, when the evidence in the record including, inter alia, the circumstances surrounding the release, as well as the parties' course of dealings, evinces that the parties' intentions were not reflected in the general terms of the release, the release does not conclusively

establish a defense as a matter of law". *Intl. Asbestos Removal v Beys Specialty, Inc.*, 135 AD3d 486, 486 (1st Dept 2016).

Here, the language of the Settlement Agreement is clear and unambiguous in that it bars "any and all other claims or causes of action arising from the allegations therein, or which may arise or could have arisen out of, or in connection with, such allegations". Settlement Agreement, *supra*, p. 2. The General Release also provides that the plaintiffs "expressly covenant and agree forever to refrain from bringing any suit or proceeding…and also releases Releasee from any and all claims of any kind whatsoever that they ever had or may ever have against Releasee as a result of the alleged exposure to asbestos fiber or products containing asbestos or dust therefrom, including, but not limited to, any and all claims which may arise for personal injuries or wrongful death…". General Release, *supra*, p. 1. By these submissions, LILCO has met its burden of proof on summary judgment. Thus, the burden shifts to the plaintiffs to demonstrate that the release should be set aside.

In opposition, the plaintiffs argue that the Settlement Agreement and General Release from the prior action resulted in McLaughlin recovering for asbestosis, not mesothelioma, and that a question of fact remains as to whether the decedent's mesothelioma constitutes a separate and distinct injury beyond the contemplation of the release. However, plaintiffs fail to offer any evidentiary support for this assertion. Instead, plaintiffs rely heavily on *Mangini*, specifically arguing that unknown injuries are treated "as matters not in contemplation at the time of settlement, despite the generality of standardized language in releases". *Mangini*, 24 NY2d at 564. However, as demonstrated in LILCO's reply papers, the Settlement Agreement did, in fact, contemplate mesothelioma. The Settlement Agreement specifically lists mesothelioma as an example of an "asbestos-related disease" for which plaintiffs could recover once LILCO received

medical records confirming the diagnosis of the disease. Therefore, mesothelioma was not uncontemplated as an asbestos-related disease.

The plaintiffs' reliance on *Mangini* is further misplaced because the agreement in that case is far broader than the Settlement Agreement and General Release in the instant action. As discussed above, it is evident from the language in the General Release, specifically the release from "any and all claims of any kind whatsoever that they ever had or may ever have… as a result of the alleged exposure to asbestos fiber or products containing asbestos or dust therefrom, including, but not limited to, any and all claims which may arise for personal injuries or wrongful death…" that the parties intended to encompass other illnesses that may arise later as a result of asbestos exposure. General Release, *supra* p. 1. The Settlement Agreement also provided that the settlement was in "complete satisfaction" of all existing and future asbestos-related claims. *See Langhorne v Amchem Products, Inc.*, 23 AD3d 208, 209 (1st Dept 2005).

Further, the plaintiffs have failed to show that the Settlement Agreement and General Release were intended to be limited, nor have they proven that the Settlement Agreement and General Release were unfairly or unknowingly made. The Court of Appeals has held that "[s]trong policy considerations favor the enforcement of settlement agreements". *Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 383 (1993). In light of the foregoing, LILCO's motion for summary judgment pursuant to CPLR 3212 seeking dismissal of the complaint and all cross-claims is granted.

Accordingly, it is hereby

ORDERED that defendant LILCO's motion for summary judgment pursuant to CPLR 3212 dismissing the complaint and all cross-claims is hereby granted; and it is further

**190046/2022   MCLAUGHLIN, THOMAS R. ET AL vs. AIR & LIQUID SYSTEMS CORPORATION,**          **Page 7 of 8**
**AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. ET AL**
**Motion No. 003**

7 of 8

[* 7]

ORDERED that the complaint is dismissed in its entirety as against defendant LILCO with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against the remaining defendants; and it is further

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that within 30 days of entry, defendant LILCO shall serve a copy of this decision/order upon all parties with notice of entry.

This constitutes the Decision/Order of the Court.

| 3/12/2024 | | | |
|-----------|---|---|---|
| DATE | | ADAM SILVERA, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|----------------------|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |

190046/2022  MCLAUGHLIN, THOMAS R. ET AL vs. AIR & LIQUID SYSTEMS CORPORATION, AS SUCCESSOR BY MERGER TO BUFFALO PUMPS, INC. ET AL
Motion No. 003

Page 8 of 8

8 of 8

[* 8]