McLaughlin v Air & Liquid Sys. Corp. (2025 NY Slip Op 02726)

McLaughlin v Air & Liquid Sys. Corp.

2025 NY Slip Op 02726

Decided on May 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 06, 2025

Before: Webber, J.P., Moulton, González, Pitt-Burke, Higgitt, JJ. 

Ind. No. 190046/22|Appeal No. 4307|Case No. 2024-02850|

[*1]Lillian J. McLaughlin etc., et al., Plaintiffs-Appellants,
v
Air & Liquid Systems Corporation etc., et al., Defendants, Long Island Lighting Company Doing Business as Lipa, Defendant-Respondent. 

Maune Raichle Hartley French & Mudd, LLC, New York (Josh McMahon of counsel), for appellants.
Cullen and Dykman LLP, Uniondale (Douglas J. Bohn of counsel), for respondent.

Order, Supreme Court, New York County (Adam Silvera, J.), entered March 13, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Long Island Lighting Company for summary judgment dismissing the complaint and all cross-claims as against it, unanimously affirmed, without costs.
Supreme Court properly granted summary judgment dismissing the complaint as against defendant Long Island Lighting Company (LILCO) because plaintiffs' claims related to a 2022 mesothelioma diagnosis are barred by the Settlement Agreement and General Release from a prior federal action. In 1993, Lillian McLaughlin and her now deceased husband, Thomas J. McLaughlin, signed a settlement agreement and general release in a prior federal action in which they sought to recover damages for the husband's injuries from asbestos exposure — specifically asbestosis - contracted during his time from 1978 to 1982 as a steamfitter and welder at the construction of LILCO's nuclear power station. The release encompassed "any and all claims of any kind whatsoever that they ever had or may ever had" against defendant as a result of the alleged asbestos exposure, including "any and all claims which may arise for personal injuries or wrongful death" and provided that the settlement was "in complete satisfaction" of such claims. This language is "plain and unambiguous" (Langhorne v Amchem Prods., Inc., 23 AD3d 208, 209 [1st Dept 2005] [internal quotation marks omitted]) and "embraces all possible matters arising between the parties" in connection with the underlying subject (Mosberg v National Prop. Analyst, 217 AD2d 482, 484 [1995]). Furthermore, plaintiffs failed to raise any issue of fact to demonstrate that the parties to the federal action settlement believed, by mutual mistake, that the decedent would never contract mesothelioma and thus intended the release to be limited to asbestosis notwithstanding its general language (cf. Mangini v McClurg, 24 NY2d 556, 563 [1969]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2025